# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

LINDA LIRA,                       )       Case No. EDCV 09-1490-JEM

           Plaintiff,     )

                      )       MEMORANDUM OPINION AND ORDER

      v.              )       AFFIRMING DECISION OF THE

                      )       COMMISSIONER OF SOCIAL SECURITY

MICHAEL J. ASTRUE,        )

Commissioner of Social Security,   )

                      )

           Defendant.    )

_____ )

## PROCEEDINGS

On August 20, 2009, Linda Lira ("Plaintiff" or "Claimant") filed a complaint seeking review of the decision by the Commissioner of Social Security ("Commissioner") denying Plaintiff's application for Supplemental Security Income ("SSI") benefits.  The Commissioner filed an Answer on February 23, 2010.  On May 5, 2010, the parties filed a Joint Stipulation ("JS").  The matter is now ready for decision.

Pursuant to 28 U.S.C. § 636(c), both parties consented to proceed before the Magistrate Judge.  After reviewing the pleadings, transcripts, and administrative record ("AR"), the Court concludes that the Commissioner's decision should be affirmed.

**BACKGROUND**

Plaintiff is a 50 year old female who was found to have the medically determinable severe impairments of arthritis and degenerative disc disease.  (AR 14.)  Plaintiff alleged a disability onset date of December 8, 1999.  (AR 12.)  The ALJ found that Plaintiff has not engaged in substantial gainful activity since January 23, 2007, the application date.  (Id.)

Plaintiff's claim for SSI benefits was denied initially and on reconsideration.  (AR 44-54.)  Plaintiff filed a written request for hearing (AR 56), which was held before Administrative Law Judge ("ALJ") Jay Levine on November 26, 2008, in San Bernardino, California.  (AR 19-41.)  Plaintiff appeared and testified.  (AR 19-39.)  Vocational expert Sandra Fioretti also appeared and testified.  (AR 39-40.)  The ALJ issued an unfavorable decision on January 26, 2009.  (AR 9-18.)  Plaintiff filed a timely Request for Review of Hearing Decision.  (AR 8.)  The Appeals Council denied review on June 16, 2009.  (AR 1-3.)  Thereafter, Plaintiff commenced the present action.

**DISPUTED ISSUES**

As reflected in the Joint Stipulation, the sole disputed issue that Plaintiff raises as a ground for reversal is as follows:

Whether the ALJ properly considered Plaintiff's subjective pain testimony?

**STANDARD OF REVIEW**

Under 42 U.S.C. § 405(g), this Court reviews the ALJ's decision to determine whether the ALJ's findings are supported by substantial evidence and whether the proper legal standards were applied.  DeLorme v. Sullivan, 924 F.2d 841, 846 (9th Cir. 1991).  Substantial evidence means "'more than a mere scintilla'. . . but less than a preponderance."  Saelee v. Chater, 94 F.3d 520, 521-22 (9th Cir. 1996) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)).  Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  Richardson, 402 U.S. at 401 (internal quotations and citation omitted).

This Court must review the record as a whole and consider adverse as well as supporting evidence.  Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006).

Where evidence is susceptible to more than one rational interpretation, the ALJ's decision must be upheld.  Morgan v. Comm'r, 169 F.3d 595, 599 (9th Cir. 1999).  "However, a reviewing court must consider the entire record as a whole and may not affirm simply by isolating a 'specific quantum of supporting evidence.'"  Robbins, 466 F.3d at 882 (quoting Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989)); see also Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007).

## SEQUENTIAL EVALUATION

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or . . . can be expected to last for a continuous period of not less than 12 months."  42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).  The Commissioner has established a five-step sequential process to determine whether a claimant is disabled.  20 C.F.R. §§ 404.1520, 416.920.

The first step is to determine whether the claimant is presently engaging in substantially gainful activity.  Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007).  If the claimant is engaging in substantially gainful activity, disability benefits will be denied.  Bowen v. Yuckert, 482 U.S. 137, 140 (1987).  Second, the ALJ must determine whether the claimant has a severe impairment or combination of impairments.  Parra, 481 F.3d at 746.  Third, the ALJ must determine whether the impairment is listed, or equivalent to an impairment listed, in Appendix I of the regulations.  Id.  If the impediment meets or equals one of the listed impairments, the claimant is presumptively disabled.  Bowen, 482 U.S. at 141.  Fourth, the ALJ must determine whether the impairment prevents the claimant from doing past relevant work.  Pinto v. Massanari, 249 F.3d 840, 844-45 (9th Cir. 2001).  Before making the step four determination, the ALJ first must determine the claimant's residual functional capacity ("RFC").[1]  20 C.F.R. § 416.920(e).  The RFC must consider all of the claimant's impairments,

---

[1]  Residual functional capacity ("RFC") is what one "can still do despite [his or her] limitations" and represents an assessment "based on all the relevant evidence."  20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1).

including those that are not severe.  20 C.F.R. §§ 416.920(e), 416.945(a)(2); Social Security

Ruling ("SSR") 96-8p.  If the claimant cannot perform his or her past relevant work or has no

past relevant work, the ALJ proceeds to the fifth step and must determine whether the

impairment prevents the claimant from performing any other substantial gainful activity.

Moore v. Apfel, 216 F.3d 864, 869 (9th Cir. 2000).

        The claimant bears the burden of proving steps one through four, consistent with the

general rule that at all times the burden is on the claimant to establish his or her entitlement

to benefits.  Parra, 481 F.3d at 746.  Once this prima facie case is established by the

claimant, the burden shifts to the Commissioner to show that the claimant may perform other

gainful activity.  Lounsburry v. Barnhart, 468 F.3d 1111, 1114 (9th Cir. 2006).  To support a

finding that a claimant is not disabled at step five, the Commissioner must provide evidence

demonstrating that other work exists in significant numbers in the national economy that the

claimant an do, given the RFC, age, education, and work experience.  20 C.F.R. §

416.912(g).  If the Commissioner cannot meet this burden, then the claimant is disabled and

entitled to benefits.  Id.

### DISCUSSION

        Plaintiff contends that the ALJ improperly rejected Plaintiff's subjective pain testimony.

(JS 3.)  Plaintiff's contention is without merit.  The ALJ properly considered Plaintiff's

testimony and offered specific, clear and convincing reasons for rejecting it, including

Plaintiff's lack of candor regarding when she last worked, the lack of evidence to support her

alleged disability onset date of December 1999, including her ability to work doing child care

through 2007, and the lack of consistent or aggressive treatment for her pain.  The ALJ's

determination that Plaintiff's pain testimony was not credible is supported by substantial

evidence and must be upheld.

### A.    Legal Standards for Evaluating a Claimant's Credibility

        The test for deciding whether to accept a claimant's subjective symptom testimony

turns on whether the claimant produces objective medical evidence of an impairment that

reasonably could be expected to produce the pain or other symptoms alleged.  Bunnell v. Sullivan, 947 F.2d 341, 346 (9th Cir. 1991); Reddick v. Chater, 157 F.3d 715, 722 (9th Cir. 1998); Smolen v. Chater, 80 F.3d 1273, 1281-82 esp. n. 2 (9th Cir. 1995); Cotton v. Bowen, 799 F.2d 1403, 1407 (9th Cir. 1986).  Once the claimant produces objective medical evidence of an underlying impairment, the ALJ may not discredit a claimant's testimony on the severity of symptoms merely because they are unsupported by objective medical evidence.  Reddick, 157 F.3d at 722; Bunnell, 947 F.2d at 343, 345.  If the ALJ finds the claimant's subjective symptom testimony not credible, the ALJ must make specific findings that support this conclusion.  Bunnell, 947 F.2d at 345.  The ALJ must set forth "findings sufficiently specific to permit the court to conclude that the ALJ did not arbitrarily discredit claimant's testimony."  Thomas v. Barnhart, 278 F.3d 949, 958 (9th Cir. 2002); Rollins v. Massanari, 261 F.3d 853, 856-57 (9th Cir. 2001); Bunnell, 947 F.2d at 345.  Unless there is evidence of malingering, the ALJ can reject the claimant's testimony about the severity of a claimant's symptoms only by offering "specific, clear and convincing reasons for doing so."  Reddick, 157 F.3d 722; Smolen, 80 F.3d at 1283-84.  The ALJ must identify what testimony is not credible and what evidence discredits the testimony.  Reddick, 157 F.3d at 722; Smolen, 80 F.3d at 1284.

    In evaluating a claimant's credibility, the ALJ may consider various factors, including: "the nature, location, onset, duration, frequency, radiation, and intensity" of any pain or other symptoms; "precipitating and aggravating factors;" "type, dosage, effectiveness, and adverse side-effects" of any medication; "treatment, other than medication;" "functional restrictions;" "the claimant's daily activities;" "unexplained, or inadequately explained, failure to seek treatment or follow a prescribed course of treatment;" and "ordinary techniques of credibility evaluation."  Bunnell, 947 F.2d at 345-47; see also 20 C.F.R. § 416.929; SSR 96-7p. Additional factors that the ALJ may consider include the claimant's prior inconsistent statements or other inconsistent testimony and physician and third-party testimony about the nature, severity, and effect of the claimant's symptoms.  See Smolen, 80 F.3d at 1284

1   (citations omitted); see also Thomas, 278 F.3d at 958-59.  If the claimant testifies as to

2   symptoms greater than normally would be produced by a given impairment, the ALJ may

3   disbelieve that testimony provided specific findings are made.  See Carmickle v.

4   Commissioner, Social Security, 533 F.3d 1155, 1161 (9th Cir. 2008) (citing Swenson v.

5   Sullivan, 876 F.2d 683, 687 (9th Cir. 1989)).

6          Questions of credibility and resolution of conflicts in the testimony are solely within the

7   province of the Commissioner.  Sample v. Schweiker, 694 F.2d 639, 642 (9th Cir. 1982).

8   The Court should not second-guess this credibility determination.  See Allen v. Heckler, 749

9   F.2d 577, 580 (9th Cir. 1984).  The Court may not reverse a credibility determination where

10  that determination is based on contradictory or ambiguous evidence.  See id. at 579.  Even if

11  some of the reasons given by the ALJ for discrediting a claimant's testimony should be

12  discounted, the ALJ's determination is still valid as long as it is supported by substantial

13  evidence.  Tonapetyan v. Halter, 242 F.3d 1144, 1148 (9th Cir. 2001).

14  **B.     Plaintiff's Hearing Testimony**

15      The ALJ summarized Plaintiff's hearing testimony as follows:

16              The claimant testified that she cannot work now because of hand pain.

17          She has hand pain every day.  The pain does not involve [the] wrist and will

18          sometimes go up to the elbow.

19              The claimant testified that she has low back pain every day and that the

20          medications take the edge off of the pain.  She has had back pain for over 15

21          years.  She has a cane in her car and has used it off and on for 10 years.  She

22          has had pain in the back of her leg as a result of a fall two years ago.  The

23          claimant has never had any operation on the back, physical therapy, steroidal

24          injections or other treatment.  She takes Tylenol 3, Motrin and ibuprofen for her

25          pain but these medications only take the edge off the pain.

26              She walks a little to ease her back pain, about twice a month.  She is

27          able to walk a couple of blocks at a time.  She can lift a gallon of milk, which

28

1    weights approximately 8 pounds.  She has no problems with personal care
2    activities.  She can read and does exercises at home.  She shops for groceries
3    with her daughter and can do light cooking.  Her daughter does the laundry,
4    cleaning and heavy cooking.  The claimant attends church every Sunday.  The
5    claimant testified that she drove to the hearing but does not drive much.
6  (AR 15-16.)

7    **C.    The ALJ's Findings Regarding Plaintiff's Credibility**

8    The ALJ tacitly acknowledged that Plaintiff's impairments reasonably could be
9  expected to produce the alleged symptoms.  However, the ALJ found that Plaintiff's
10 testimony was not credible:

11   The claimant's testimony was inconsistent with other evidence of record
12   and is not credited.  First, she alleges disability since 1999 but produces no
13   evidence of her condition as of that date.  Second, she was able to perform
14   child care work at the substantial gainful activity level throughout the year 2007.
15   At [the] hearing she could not provide a reasonable explanation of her
16   allegation that her condition changed suddenly in 2008 except to say that her
17   26-year-old son did not want to help her anymore.  This is not consistent with
18   disabling functional limitations.

19   Third[,] she said that she has had back pain for at least 10 [years] but
20   has not had treatment for it other than medications, nor does the record show
21   regular visits to medical sources for treatment.  Fourth, the claimant admitted
22   being able to drive, shop, do light housework, go for walks, cook and maintain
23   personal care activities such as dressing and bathing.

24   Fifth, the claimant was not completely honest about when she stopped
25   working.  At first she cited 2005 but her earnings record showed that she
26   worked subsequently, earning $11,083 in 2007.

27 (AR 16.)

28

7

**D.    The ALJ Offered Specific, Clear and Convincing Reasons for Rejecting Plaintiff's Subjective Pain Testimony, Which Were Supported by Substantial Evidence**

The ALJ offered several specific, clear and convincing reasons for rejecting Plaintiff's subjective pain testimony, which were supported by substantial evidence.  Thus, the ALJ's decision must be upheld.

**1.    Disability Onset Date of 1999 and Work Activity Through 2007**

Plaintiff alleged a disability onset date of December 8, 1999.  (AR 12, 103, 108.)  The ALJ found Plaintiff not credible based, in part, on the lack of support for this alleged onset date.  (AR 16.)  The ALJ's finding is supported by substantial evidence in the record.  Plaintiff worked doing child care in 2005 and 2007.  (See, e.g., AR 99.)  The ALJ found that this work activity in 2005 and 2007 undermined the credibility of her allegations that she had been disabled since 1999.  (AR 14, 16, 103, 108.)  As noted by the ALJ, Plaintiff earned $7,801 in 2005 and $11,083 in 2007 for child care work.  (AR 14,16, 91.)  She specifically testified that she watched 3 or 4 children, ten hours per day, at least five days per week, during the entire year of 2007.  (AR 26.)  See Thomas, 278 F.3d at 958-59 (claimant's activities may constitute a clear and convincing reason for discounting claimant's credibility).  The ALJ properly found that Plaintiff could not reconcile an alleged disability onset date in 1999 with her 2005 and 2007 child care work, which is classified as medium work.  (AR 16, 39.)

Moreover, the medical records failed to support a disability onset date of December 1999.  The ALJ properly relied on the medical records in assessing Plaintiff's credibility.  Rollins, 261 F.3d at  857; see also 20 C.F.R. § 416.929(c)(1)&(2) (2009) (requiring consideration of medical history, medical signs and laboratory findings, and objective medical evidence in evaluating the extent and impact of alleged pain); Batson v. Comm'r, 359 F.3d 1190, 1196 (9th Cir. 2003).

Plaintiff testified to constant pain in her fingers and back.  (AR 28-33.)  The ALJ considered the medical records, which did not support a finding of disabling pain.  The ALJ discussed the testimony of Dr. Dorsey, the examining physician, who arranged for x-rays of

1  the lumbar spine, which showed moderately decreased disc space size of the lumbar spine

2  "although little else" and "no decreased range of motion or neurological abnormalities were

3  noted; he found no objective evidence concerning her lower back pain complaints."  (AR 14-

4  15, 191.)  Dr. Dorsey diagnosed minimal carpometacarpal joint degenerative disease of the

5  thumbs, minimal degenerative joint disease of the index and small finger DIP joints of the left

6  hand, and back pain, subjective symptoms only.  (AR 15, 191.)

7        The ALJ also considered the treatment records, including x-rays from January 2006

8  and May 2007, which revealed significant degenerative joint disease of the first and fifth left

9  carpal-metacarpal joints of the left hand and minor degenerative change in the first carpal-

10  metacarpal joint of the right hand.  (AR 15, 138, 139, 140.)  Dr. Dorsey found some

11  tenderness and mild swelling but full range of motion of all fingers and both thumbs, with

12  "[n]o deficits in motor strength, sensation or reflexes."  (AR 15; see also AR 189-91.)  "While

13  subjective pain testimony cannot be rejected on the sole ground that it is not fully

14  corroborated by objective medical evidence, the medical evidence is still a relevant factor in

15  determining the severity of the claimant's pain and its disabling effects."  Rollins, 261 F.3d at

16  857.  Thus, the ALJ properly based his rejection of Plaintiff's testimony, in part, on the lack of

17  support in the medical evidence to indicate disabling pain.

18        The ALJ also referenced progress notes from Plaintiff's treating physician Benny

19  Guzman, M.D.  (AR 15.)  The ALJ stated:

20             Notes from Dr. Guzman, the claimant's treating physician, from April,

21        2003-October, 2006 show that in October, 2006 he rated her "incapacitated

22        from work due to her hand, not her back" (Exhibit 1F). His notes of office visits

23        do not reflect signs sufficient to support this opinion.  Further, his opinion

24        cannot be given great weight as it is on an issue reserved for the

25        Commissioner.

26  (AR 15.)  The ALJ was correct to reject a finding of "incapacitated" by Dr. Guzman because,

27  in fact, Dr. Guzman did not make such a finding.  Dr. Guzman's handwritten notes are

28

difficult to decipher.  However, it appears that Dr. Guzman actually wrote the following in his October 13, 2006, notes:

> Refill on Ibuprofen, pain in both hands.  Lower back pain.  Patient very abus[ive] verbally.  Pt. states can't use her left hand + that is why she is unable to use her hand.  Discussed in detail that x-rays of left hand [] x-rays [] arthritis in one hand 1st finger.  Patient wants me to sign papers stating she is totally incapacitated from work due to her hand, not her back.  Patient states that I am incompetent for not agreeing with her + that she will sue.  Discussed referral to orthopedics for evaluation + she states wants me to sign stating her hands make her permanently disabled.  I told her I would not + that a specialist needs to determine the status on her hands.  Pt. very upset + stated I was the worst doctor in the world + for some reason she kept coming back to me.  Discussed w/ her if she felt that way that she + her daughter should find another doctor.  She agrees + states she will sue.  I discussed w/ her I will call the insurance + file a complaint as well.  I will no longer care for her or her daughter + will inform the insurance.

(AR 158.)  Thus, it appears that Dr. Guzman did not find Plaintiff to be incapacitated.  Rather, he refused to make such a finding and refused to sign papers stating that Plaintiff was unable to work.

The ALJ also based his adverse credibility finding on Plaintiff's lack of a reasonable explanation for why her condition suddenly changed in 2008 when she stopped doing child care work "except to say that her 26-year-old son did not want to help her anymore."  (AR 16.)  The ALJ's reasoning was supported by substantial evidence.  In response to questioning from the ALJ as to why she stopped doing child care work at the end of 2007, Plaintiff's responses were vague, halting, and inconsistent.  When the ALJ first asked why Plaintiff stopped working, she testified, "I don't know.  I didn't babysit anymore."  (AR 26.)  When the ALJ asked, "Why?" Plaintiff responded, "I don't know.  I don't feel good to babysit.  That's why."  (Id.)  After receiving these vague responses, the ALJ again asked: "Well, what

10

1   happened that you stopped watching them?  That's my question."  Plaintiff responded: "I just
2   didn't watch them anymore because I don't, I'm too sick to watch them, and my son, he
3   don't, he has a job doing other stuff.  He don't want to help, you know.  He don't want to."
4   (AR 27.)  Plaintiff also later testified, "I just didn't, I didn't do it anymore.  I just . . . I just didn't
5   do it anymore because, I don't know, I'm sick."  (AR 27.)  When the ALJ asked Plaintiff to
6   elaborate on her testimony that she was "sick," Plaintiff testified that the children were "too
7   loud" and it was "too much."  (AR 27-28.)

8        Plaintiff now attempts to rehabilitate her credibility by focusing on her testimony that
9   her son and daughter were helping her with the child care in 2007, and that she stopped
10  working in 2008 because her son did not want to help her any longer.  (JS 8-10.)  It was well
11  within the ALJ's discretion to conclude that Plaintiff's son no longer wanting to help her with
12  child care after 2007 was not a reasonable explanation for why she discontinued that work
13  (AR 16), especially in light of her initial inability to answer the ALJ's questions directly.  The
14  ALJ's credibility determination should not be reversed where, as here, it was based on
15  contradictory or ambiguous evidence.  <u>Allen</u>, 749 F.2d at 580; <u>Johnson v. Shalala</u>, 60 F.3d
16  1428, 1434 (9th Cir. 1995).

17       **2.    Lack of Candor Regarding When Plaintiff Stopped Working**

18       The ALJ also properly discounted Plaintiff's credibility based on her lack of candor at
19  the hearing regarding her 2007 work activity.  (AR 16.)  <u>Thomas</u>, 278 F.3d at 959 (ALJ may
20  rely on lack of candor to discount claimant's credibility as to severity of pain).  As Plaintiff
21  admits, she initially answered "No" when the ALJ asked her if she had worked "at all" after
22  her 2004-2005 child care job.  (AR 24-25.)  After the ALJ confronted Plaintiff with her IRS
23  earnings report, she conceded that she worked throughout the "whole year" of 2007.  (AR
24  25-26; <u>see</u> <u>also</u> AR 91.)  Accordingly, the record is clear that Plaintiff was not candid when
25  she stated that she did not work after 2005.

26       Plaintiff's lack of candor is further supported by other evidence in the record.  In a
27  June 25, 2007, Pain Questionnaire (AR 143-45) and Exertional Daily Activities Questionnaire
28  (AR 135-137), Plaintiff answered numerous questions regarding her daily activities and the

1   extent of her pain, but never mentions that she was performing child care on a full time basis

2   during this period.  In a Work History Report completed by Plaintiff on February 13, 2007,

3   Plaintiff indicated that she had worked in quality control in the clothing industry in 1998 to

4   1999, and worked in child care from 2004 to 2005.  (AR 117.)  She stated: "that's all my job

5   history."  (Id.)  She did not disclose the fact that she was doing child care work again.  In

6   March 2007, when she was examined by Dr. Dorsey, Plaintiff also did not mention the fact

7   that she was doing child care work at the time, or that she had done such work in 2005.  (AR

8   189.)  Rather, she stated that she last had worked 15 years ago doing warehouse work.  (Id.)

9   Plaintiff's inconsistent testimony regarding when she last worked is a clear and convincing

10  reason for rejecting her credibility.  Johnson, 60 F.3d at 1434.

11              **3.    Treatment History**

12         The ALJ also properly found that Plaintiff's treatment history weighed against her

13  subjective complaints of disabling pain and contributed to her lack of credibility.  (AR 16.)

14  See Macri v. Chater, 93 F.3d 540, 544 (9th Cir. 1996) (ALJ may consider conservative

15  treatment in making credibility determination); see also Burch v. Barnhart, 400 F.3d 676, 681

16  (9th Cir. 2005) (fact that claimant's pain was not severe enough to motivate her to seek more

17  aggressive treatment is "powerful evidence" regarding the extent to which she was in pain).

18  The ALJ also noted that, despite Plaintiff's contention that she had back pain since 1999, she

19  has not had treatment for it other than medication.  (AR 16, 33, 36-37.)  Plaintiff testified that

20  her medication helps, but does not eliminate, her pain.  (AR 33-34.)  When asked if she did

21  anything for her pain other than take medication, Plaintiff stated that she takes walks 2 or 3

22  times per month.  (AR 34.)  Plaintiff stated that physical therapy was recommended, but that

23  she lost her MediCal coverage and currently has no insurance.  (AR 36-37.)  She did not

24  state when she lost her insurance.  She testified that she is "waiting for the MediCal to go

25  through" and then will undergo physical therapy.  (AR 37.)

26         It is error to rely on a claimant's failure to seek treatment if the failure was because of

27  the claimant's financial circumstances.  See Regennitter v. Comm. of Social Security Admin,

28  166 F.3d 1294, 1297 (9th Cir. 1999); Smolen, 80 F.3d at 1284.  Here, although Plaintiff did

not state when she lost her insurance, based on Dr. Guzman's treatment notes it appears that Plaintiff still had insurance at least through October 2006.  (AR 158.)  Plaintiff has alleged disabling pain beginning in December 1999.  However, she never received treatment more extensive than pain medication during the time she did have insurance.  It also appears that Dr. Guzman attempted to refer Plaintiff to a specialist in October 2006, but that Plaintiff became upset because Dr. Guzman would not sign a statement indicating that Plaintiff was totally incapacitated from work and permanently disabled.  (Id.)  There is no indication that Plaintiff ever pursued treatment by a specialist.  Dr. Guzman subsequently stopped treating Plaintiff because of her abusive behavior, rather than a lack of insurance.  (Id.)  In these circumstances, the ALJ properly considered Plaintiff's lack of more aggressive treatment, in combination with other factors, in rejecting Plaintiff's subjective pain testimony.

### 4.    Daily Activities

The ALJ also found that Plaintiff's daily activities were inconsistent with disabling limitations and undermined her credibility.  (AR 16.)  An ALJ may consider an inconsistency between testimony and daily activities in determining a claimant's credibility.  Thomas, 278 F.3d at 958-59; Morgan v. Apfel, 169 F.3d 595, 599-600 (9th Cir. 1999) (ALJ may rely on contradictions between claimant's reported limitations and daily activities); Reddick, 157 F.3d at 722 (relevant question is whether the level of work activity is inconsistent with the claimant's asserted limitations).  "If a claimant is able to spend a substantial part of his day engaged in pursuits involving the performance of physical functions that are transferable to a work setting, a specific finding as to this fact may be sufficient to discredit a claimant's allegations."  Morgan v. Commissioner of the Social Sec. Admin., 169 F.3d 595, 600 (9th Cir. 1999) (citation omitted).

Plaintiff testified, and the ALJ found, that she was able to do some driving, shopping, light housework, light cooking, and personal care activities.  (AR 16, 35, 37-39; see also AR 135-36, 143-45.)  There is no indication that Plaintiff was able to spend a substantial part of her day engaged in these activities.  Accordingly, Plaintiff's daily activities alone did not provide a clear and convincing reason to reject her subjective pain complaints. However, it

1  was not improper for the ALJ to consider those activities in making his credibility

2  determination. The ALJ's ultimate decision to reject Plaintiff's subjective pain testimony was

3  also based on other specific, clear and convincing reasons, which were supported by

4  substantial evidence, and must be upheld.  Tonapetyan, 242 F.3d at 1148 (ALJ's credibility

5  determination should be upheld if supported by substantial evidence, even if some of ALJ's

6  reasons for discrediting claimant's testimony should be discounted).

7        **E.    Conclusion**

8        Questions of credibility and resolutions of conflict in the testimony are for the

9  Commissioner alone to resolve.  Sample, 694 F.2d at 642.  "An ALJ cannot be required to

10  believe every allegation of disabling pain, or else disability benefits would be available for the

11  asking, a result plainly contrary to 42 U.S.C. § 423(d)(5)(A)."  Fair v. Bowen, 885 F.2d 597,

12  603 (9th Cir. 1989).  The ALJ considered appropriate factors in assessing Plaintiff's

13  subjective complaints.  Credibility determinations are the province of the ALJ.  Russell v.

14  Bowen, 856 F.2d 81, 83 (9th Cir. 1988).  Where, as here, the ALJ offered specific, clear and

15  convincing reasons for rejecting Plaintiff's subjective pain testimony, and substantial

16  evidence in the record supports those findings, the ALJ's decision must be upheld.  Fair, 885

17  F.2d at 604.

18  ///

19  ///

20  ///

21  ///

22  ///

23

24

25

26

27

28

1

**ORDER**

2

     IT IS HEREBY ORDERED that the Decision of the Commissioner of Social Security is

3

AFFIRMED.

4

     LET JUDGMENT BE ENTERED ACCORDINGLY.

5

6

DATED: <u>September 27, 2010</u>                  <u>     */s/ John E. McDermott*     </u>

7

                                          JOHN E. MCDERMOTT
                                       UNITED STATES MAGISTRATE JUDGE

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28